IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DEVON A. BLANCHARD, )
 )
      Plaintiff, )
 )
v. ) Case No. CIV-10-828-M
 )
JOHN WHISTLE, OKLA. COUNTY )
SHERIFF, *et al.*, )
 )
      Defendants. )

## **REPORT AND RECOMMENDATION**

Mr. Devon Blanchard is a state inmate complaining about the conditions of confinement at the Oklahoma County Detention Center. In two separate motions, Defendants John Whetsel,[1] Kyle Moore, Larry Hill, Chris Hendershott, Michael Gurley, and Bryan Locke seek dismissal on grounds of *res judicata* and lack of personal participation. The Court should grant the motions to dismiss, but should allow amendment within 21 days on the medical claims.

### Background

On May 12, 2009, Mr. Blanchard filed a complaint, naming Messrs. Moore, Hill, Hendershott, Gurley, and Locke as defendants. *See* Civil Rights Complaint Pursuant to 42

---

[1] Mr. Whetsel is identified as "John Whistle" in the complaint. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 1 (Aug. 2, 2010) ("Complaint"). Sheriff Whetsel notes in his dispositive motion that the correct spelling of his name is "John Whetsel." *See* Defendant John Whistle's Motion to Dismiss all Claims in his Official and Individual Capacity at p. 1 n.1 (Nov. 12, 2010).

U.S.C. § 1983 at pp. 1-3, *Blanchard v. Hill*, Case No. CIV-09-497-M (W.D. Okla. May 12, 2009).[2] The Plaintiff alleged:

- lack of administrative remedies through Mr. Hill's failure to provide forms or respond to grievances,

- placement in a holding cell with a codefendant, leading to an inmate assault,

- unprovoked physical assaults by Mr. Gurley and Mr. Locke,

- Mr. Moore's provocation into a physical confrontation,

- movement into a "non-protection pod" without authorization,

- Corporal Johnson's attempt to provoke a fight,

- officers' advertisement that Mr. Blanchard was a "snitch" and responsible for a "shakedown,"

- verbal taunting, and

- Mr. Hill's failure to correct the constitutional violations.

*Id.* at pp. 4-9. Mr. Blanchard indicated that he had not exhausted his administrative remedies. *See id.* at p. 9.

The named defendants filed motions to dismiss, arguing in part that Mr. Blanchard had failed to exhaust his administrative remedies.[3] Because the defendants relied on

---

[2] Mr. Blanchard also filed a lawsuit against these individuals on September 17, 2008. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 1-3, *Blanchard v. Hill*, Case No. CIV-08-979-M (W.D. Okla. Sept. 17, 2008). That complaint was dismissed without prejudice for failure to pay the filing fee. *See* Order, *Blanchard v. Hill*, Case No. CIV-08-979-M (W.D. Okla. May 29, 2009).

[3] *See* Report and Recommendation at p. 4, *Blanchard v. Hill*, Case No. CIV-09-497-M (W.D. Okla. Oct. 13, 2009) (noting that the "predominant issue raised by the Defendants is the assertion that Plaintiff's cause of action must be dismissed . . . because he failed to exhaust available

evidence outside of the pleadings, the Court notified Mr. Blanchard of his duty to respond under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56.[4] Consequently, the magistrate judge construed the defendants' motions as motions for summary judgment. *See* Report and Recommendation at pp. 5-6, *Blanchard v. Hill*, Case No. CIV-09-497-M (W.D. Okla. Oct. 13, 2009).

Viewing the evidence in the light most favorable to Mr. Blanchard, the magistrate judge found that Mr. Blanchard had failed to exhaust his administrative remedies and recommended an award of summary judgment to the Defendants. *See id.* at pp. 6-7.

The district judge agreed, adopting the magistrate judge's report and recommendation and ordering dismissal on summary judgment. *See* Order at pp. 1-2, *Blanchard v. Hill*, Case No. CIV-09-497-M (W.D. Okla. Mar. 25, 2010).

Thereafter, Mr. Blanchard filed the present complaint, reasserting the same claims and adding a cause of action for improper medical treatment. Complaint at pp. 4-7.

<u>Dismissal on Grounds of *Res Judicata*</u>

The Defendants convincingly urge dismissal on grounds of *res judicata*.

---

administrative remedies ").

[4] *See* Report and Recommendation at p. 5, *Blanchard v. Hill*, Case No. CIV-09-497-M (W.D. Okla. Oct. 13, 2009); *see also* Order at pp. 1-2, *Blanchard v. Hill*, Case No. CIV-09-497-M (W.D. Okla. Sept. 2, 2009) (informing the Plaintiff of his responsibility to respond to the dispositive motions for dismissal and/or summary judgment).

3

Under the doctrine of *res judicata*, "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation omitted). The scope of the earlier judgment is determined by federal common law. *See id.* at 891 ("The preclusive effect of a federal-court judgment is determined by federal common law." (citation omitted)). Under federal common law, the earlier judgment forecloses relitigation when:

- "the prior suit . . . ended with a judgment on the merits,"

- "the parties [are] identical or in privity,"

- "the suit [is] based on the same cause of action," and

- "the plaintiff . . . had a full and fair opportunity to litigate the claim in the prior suit."

*Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (citation omitted). Here each element is present.

Mr. Blanchard's prior action ended in dismissal on summary judgment. *See supra* p. 3. In this circuit, "summary judgment operates as an adjudication on the merits."[5] Thus, the first element is satisfied.[6]

---

[5] *Goichman v. City of Aspen*, 859 F.2d 1466, 1471 n.13 (10th Cir. 1988); *see Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987) ("A grant of summary judgment resolves the issue on the merits and thus is with prejudice." (citations omitted)); *see also Wright v. Skipworth*, 13 F.3d 408, 1993 WL 492991, Westlaw op. at 1 (10th Cir. Nov. 30, 1993) (unpublished op.) ("summary judgment is a disposition on the merits").

[6] In some instances, nonexhaustion may lead the court to dismiss the action without prejudice to refiling. *See Fitzgerald v. Corrections Corporation of America*, 403 F.3d 1134, 1138-40 (10th Cir. 2005 (stating that a dismissal for nonexhaustion should ordinarily be without prejudice, adding that summary judgment may be appropriate when a factual issue would have prevented dismissal

4

The second element is also present. Messrs. Moore, Hill, Hendershott, Gurley and Locke were named as defendants in this suit and the prior one. *See supra* pp. 1-2. Although Sheriff Whetsel was not named in the prior suit, he is in privity with the parties to the earlier action.[7]

In the present action, Mr. Blanchard has asserted the same claims that he had advanced in the earlier action about conditions at the Oklahoma County Detention Center. *See supra* pp. 1-3. As a result, the third element is present through assertion of the identical claims adjudicated in the earlier action.

---

on exhaustion grounds). When the action is dismissed without prejudice on grounds of nonexhaustion, the ruling would not constitute an adjudication on the merits for purposes of *res judicata*. *See* Fed. R. Civ. P. 41(b). Here, however, the district court granted summary judgment to Kyle Moore, Larry Hill, Chris Hendershott, Michael Gurley, and Bryan Locke on the issue of administrative exhaustion. *See supra* p. 3 & text accompanying note. By definition, the entry of summary judgment was "with prejudice" and constituted an adjudication on the merits. *See supra* note 5 (citing cases). The dispositive quality of the judgment is not affected by the nature of the underlying issue, exhaustion. *See Dilettoso v. Potter*, 243 Fed. Appx. 269, 271-72 (9th Cir. July 17, 2007) (unpublished op.) (stating that for purposes of *res judicata*, "summary judgment based on a failure to exhaust constitutes a judgment on the merits, absent a showing of unfairness" (citations omitted)); *see also Miller v. United States Postal Service*, 48 Fed. Appx. 103 (5th Cir. Aug. 19, 2002) (unpublished op.) (holding that a prior ruling on summary judgment, based on a failure to exhaust administrative remedies, constituted a judgment on the merits for purposes of *res judicata*).

7   *See*, *e.g.*, *Malek v. Brockbrader*, 190 Fed. Appx. 613, 615 (10th Cir. July 31, 2006) (unpublished op.) (for purposes of *res judicata*, prison staff were in privity with parole board members); *Dixon v. Sullivan*, 28 Fed. Appx. 810, 811-12 (10th Cir. Nov. 19, 2001) (unpublished op.) (holding that a sheriff and deputy sheriff were in privity for purposes of *res judicata*).

Finally, the Plaintiff had a full and fair opportunity to litigate the relevant claims. Before the Court granted summary judgment in the earlier action, it reminded Mr. Blanchard of his responsibility to respond to the defendants' motions under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. *See supra* pp. 2-3. Thus, the fourth element is present.

With each element satisfied, the doctrine of *res judicata* would foreclose relitigation of Mr. Blanchard's claims involving:

- a lack of administrative remedies through Mr. Hill's failure to provide forms or respond to grievances,

- placement in a holding cell with a codefendant, leading to an inmate assault,

- unprovoked physical assaults by Mr. Gurley and Mr. Locke,

- Mr. Moore's inducement to engage in a fight,

- movement into a "non-protection pod" without authorization,

- Corporal Johnson's attempt to provoke a fight,

- officers' advertisement that Mr. Blanchard was a "snitch" and responsible for a "shakedown,"

- verbal taunting, and

- Mr. Hill's failure to correct the constitutional violations.

Thus, Defendants Whetsel, Moore, Hill, Hendershott, Gurley, and Locke are entitled to dismissal with prejudice on these claims. *See Gee v. Pacheco*, __ F.3d __, 2010 WL 4909644, Westlaw op. at 14 (10th Cir. Oct. 26, 2010) (affirming dismissal with prejudice on claims barred by *res judicata*).

Dismissal for Failure to State a Valid Claim for Relief

Mr. Blanchard has raised one new claim, alleging Nurse Lory Hardee's denial of medical treatment on September 6, 2008. Complaint at p. 6. This allegation fails to state a valid claim for relief.

I.  Standard for Dismissal

In determining whether dismissal is appropriate, the Court considers whether Mr. Blanchard has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citation omitted). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). Because Mr. Blanchard is *pro se*, the complaint must be broadly construed under this standard. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*).

II.  Failure to State a Valid Claim for Relief Against the Defendants for Denial of Medical Care

Mr. Blanchard failed to respond to the Court's order to specify whether he was suing the defendants in their official or individual capacities.[8] But the Court need not decide whether to construe the complaint to encompass both allegations. As noted below, the lack of personal involvement would prevent liability in both the defendants' individual and official capacities.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). Mr. Blanchard did not allege direct involvement by Messrs. Whetsel, Moore, Hill, Hendershott, Gurley, or Locke in the denial of medical treatment. *See* Complaint, *passim*. Consequently, the Plaintiff has failed to state a valid claim for their personal involvement.

Liberally construed, the complaint could suggest liability against Messrs. Whetsel and Hill for "Nurse Hardee's" alleged constitutional violation.[9] But "[s]upervisory status alone does not create § 1983 liability." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted). Instead, when a Section 1983 claim is based on the defendant's

---

[8] *See* Order (Aug. 4, 2010); Order at p. 1 (Aug. 30, 2010); *see also* The Response to the Order to Show Cause at pp. 1-2 (Sept. 16, 2010) (responding to some of the Court's questions, but failing to specify the capacity in which the defendants were sued).

[9] *See* Complaint at p. 1 (alleging Defendant Whetsel is responsible for enforcing policies and "train[ing]"), p. 7 (alleging Defendant Hill was aware of incidents and failed to take corrective action).

8

supervisory responsibilities, "the plaintiff must plausibly plead . . . not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (citation omitted), *petition for cert. filed*, 79 U.S.L.W. 3362 (U.S. Dec. 1, 2010). Thus, a plaintiff must allege that the defendant-supervisor:

- "promulgated, created, implemented or possessed responsibility for the continued operation of a policy" that

- "caused the complained of constitutional harm" and

- "acted with the state of mind required to establish the alleged constitutional deprivation."

*Id.* at 1199 (citation & footnote omitted).

The complaint fails to state a valid claim for relief under this theory because of the absence of an allegation that "Nurse Hardee" had acted pursuant to a policy or that Defendant Whetsel had been aware of the alleged medical mistreatment.

Mr. Blanchard describes Defendant Hill as the "12th Floor unit manager/staff sergeant." Complaint at p. 2. But this description does not suggest that Defendant Hill was "Nurse Hardee's" supervisor or that he had the authority to promulgate, create, implement, or operate medical policies or decisions.

The Plaintiff has failed to state a valid claim for relief against any of the named defendants for denial of medical care in their individual capacities. And, Messrs. Whetsel,

9

Moore, Hill, Hendershott, Gurley, and Locke's lack of participation in a constitutional violation would likewise result in dismissal of any official capacity claims.[10]

Consequently, the Defendants' motions to dismiss should be granted. Dismissal of the medical claim should be without prejudice and with leave to amend within 21 days.[11]

Recommended Ruling

The Court should grant the Defendants' motions to dismiss. The Plaintiff has failed to allege personal participation of any named defendant in the alleged denial of medical care. This claim should be dismissed without prejudice, and with leave to amend within 21 days. *Res judicata* bars the remaining claims, and the Court should dismiss them with prejudice.

Notice of the Right to Object

Mr. Blanchard can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by February 11, 2011. *See* 28 U.S.C.A.

---

[10] *See Starkey v. Boulder County Social Services*, 569 F.3d 1244, 1262-63 (10th Cir. 2009) (holding that county employees sued in their official capacities could be held liable "only if at least one of the Defendants in a personal capacity had violated at least one of the [the plaintiff's] constitutional rights" (citation omitted)); *see also Martinez v. Beggs*, 563 F.3d 1082, 1092 (10th Cir.) (holding that a county cannot incur liability for a systemic injury when no individual governmental actor would be liable), *cert. denied*, __ U.S. __, 130 S. Ct. 259 (2009).

[11] When a *pro se* complaint is defective and the shortcomings are potentially curable, the Court should generally dismiss without prejudice and with leave to amend. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (stating that dismissal without prejudice and with leave to amend should result when a *pro se* litigant's pleading defects are potentially curable).

636(b)(1) (2010 supp.); Fed. R. Civ. P. 6(a)(1)(C), (d), 72(b)(2). The failure to timely object would foreclose appellate review of the suggested rulings.[12]

### Status of the Referral

The referral is discharged.

Entered this 25th day of January, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[12] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").